Case 4:24-cv-04850   Document 17   Filed on 01/15/25 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 15, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHALAETHA PRESTON-CAVER AND QUINTON CAVER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:24-cv-4850 |
| PRESTIGE DEFAULT SERVICES, LLC, ET AL., | § § § § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court is *pro se* Plaintiffs Shalaetha Preston-Caver and Quinton Caver's (collectively, "Plaintiffs") Application for Ex Parte Temporary Restraining Order and Preliminary Injunction. (ECF No. 6).[1] Based on a review of the motion, arguments, and relevant law, the Court **RECOMMENDS** Plaintiffs' Application for Ex Parte Temporary Restraining Order and Preliminary Injunction (*id.*) be **DENIED.**

### I. Background

Plaintiffs originally filed suit in Fort Bend County, Texas in November 2024. (ECF No. 1 at 17). In December 2024, Defendants removed the suit to

---

[1] On December 31, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 3).

federal court. (ECF No. 1). This suit arises from the foreclosure and eviction actions related to the property located at 46 Sorrento Way Dr., Missouri City, TX 77459 (the "Property"). (ECF No. 6 at 1). Plaintiffs allege Defendants Prestige Default Services, LLC ("Prestige"), US Bank Trust National Association, As Trustee of the BKPL-EG Basket Trust ("US Bank Trust"), and SN Servicing Corporation's ("SN") (collectively, "Defendants") were engaged in "unlawful attempts to foreclose on Plaintiff[s'] Property without proper legal authority." (*Id.*). Plaintiffs allege Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Texas Penal Code, Texas consumer protection statutes and committed breach of contract and fraud. (*Id.*).

Plaintiffs bought the Property in August 2017 and financed the purchase through Caliber Home Loans. (ECF No. 7 at 1). In 2019, Plaintiffs claim "discrepancies in the application of payments arose . . . leading to a demand for over $50,000 and foreclosure threats." (*Id.* at 2). Plaintiffs filed suit against Caliber Home Loans in 2020 based on alleged "fail[ure] to provide proper accounting or correct the discrepancies" but subsequently settled. (*Id.*). In October 2021, the mortgage note (the "Note") was assigned to US Bank Trust with SN as the servicer. (*Id.*). However, Plaintiffs allege they "encountered the same issues: improper application of payments (failure to credit account)

2

and unverified debt amounts." (*Id.*). In July 2024, Plaintiffs allege SN issued a demand letter for approximately $58,000.00 and refused to accept partial or regular mortgage payments. (*Id.*).

Conversely, Defendants assert Plaintiffs became delinquent in their payment due, allowing US Bank Trust to exercise the power of sale under the Deed of Trust pursuant to Plaintiffs' default. (ECF No. 12 at 2).

On November 5, 2024, Plaintiffs received a foreclosure notice from Prestige. (ECF No. 7 at 3). Plaintiffs then filed their lawsuit in state court. (*Id.*). On December 3, 2024, a foreclosure sale of the Property occurred where US Bank Trust acquired the Property. (*Id.*). Plaintiffs now seek an injunction to prevent Defendants from initiating eviction proceedings. (ECF No. 6). The eviction proceedings are set to begin on January 15, 2025. (*Id.* at 5). The Court held a hearing regarding Plaintiffs' Ex Parte Emergency Motion for Temporary Restraining Order ("TRO") on January 13, 2025. (ECF No. 16).[2]

## II. Discussion

Plaintiffs seek a TRO or preliminary injunction ("PI") to enjoin Defendants from pursuing eviction proceedings related to the Property. (ECF

---

[2] On January 8, 2025, the Court ordered Defendant to file a response by January 10, 2025. (ECF No. 8). As stated on the record, given that eviction proceedings had not yet begun and foreclosure had occurred, the Court found Plaintiff's affidavit did not "'clearly show that immediate and irreparable injury, loss, or damage [would] result to the movant before the adverse party [could] be heard in opposition.'" *Younkman v. Payton*, No. 4:18-cv-568, 2018 WL 4856777, at *1 n.2 (E.D. Tex. Aug. 20, 2018), *report and recommendation adopted*, No. 4:18-cv-568, 2018 WL 4854075 (E.D. Tex. Oct. 5, 2018) (quoting FED. R. CIV. P. 65(b)(1)(A)).

3

No. 6 at 1). Defendants argue the Court does not have jurisdiction under the Anti-Injunction Act to issue an injunction, and even so, Plaintiffs cannot meet the threshold requirements for obtaining injunctive relief. (ECF No. 12). The Court will first address the jurisdictional issue.

### A. Jurisdiction Under the Anti-Injunction Act

Defendants argue the Court lacks jurisdiction to issue an injunction under the Anti-Injunction Act due to the upcoming state court eviction proceedings. (*Id.* at 2–3).

"Federal district courts have found . . . that they generally lack jurisdiction to grant relief where a plaintiff seeks a temporary restraining order or injunction to prevent the pursuit of eviction proceedings, or the execution of a writ of possession." *Younkman*, 2018 WL 4856777, at *2 (citing *Knoles v. Wells Fargo Bank, N.A.*, 513 F. App'x 414 (5th Cir. 2013)). "'The Anti–Injunction Act generally prohibits federal courts from interfering with proceedings in state court.'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 943 (5th Cir. 2008) (quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th Cir. 2005)); *see also Total Plan Servs., Inc. v. Tex. Retailers Ass'n, Inc.*, 925 F.2d 142, 144 (5th Cir. 1991) ("The Anti–Injunction Act, with limited exceptions, generally proscribes a federal court from issuing injunctions to prevent a state court from proceeding.").

4

"Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court." *Health Net, Inc.*, 534 F.3d at 494 (quoting *Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970)). "[T]he Anti–Injunction Act 'is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions.'" *Id.* (quoting *Atl. Coast Line R.R.*, 398 U.S. at 286). The exceptions include situations "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.*

Here, Plaintiffs seek injunctive relief in federal court after their Property was foreclosed upon and while state court post-foreclosure proceedings are set to commence on January 15, 2025. (ECF No. 6 at 6; ECF No. 12 at 3–4). Similarly, in *Williams v. Cap. Fund I, LLC*, No. 4:23-cv-1694, 2023 WL 6797529, at *1–2 (S.D. Tex. Oct. 13, 2023) and *Knoles*, 513 F. App'x at 415–16, a borrower sought injunctive relief in federal court after defendant foreclosed on his property and post-foreclosure proceedings were initiated in state court. Both courts held there was a lack of authority to grant the borrower's request for injunctive relief because the borrower's request to enjoin the eviction proceedings was barred by the Anti-Injunction Act. *Williams*, 2023 WL 6797529, at *3; *Knoles*, 513 F. App'x at 416.

5

At the TRO hearing held on January 13, 2025, Plaintiffs asserted the second exception—where necessary in aid of its jurisdiction—applies. In assessing the "in aid of jurisdiction" exception, "the Supreme Court explains that 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case.'" *In re Vioxx Prods. Liab. Litig.*, 869 F. Supp. 2d 719, 725 (E.D. La. 2012) (quoting *Atlantic Coast Line R. Co.*, 398 U.S. at 295). The "exception comes into play only when a state court proceeding 'threatens to dispose of property that forms the basis for federal *in rem* jurisdiction.'" *Phillips v. Charles Schreiner Bank*, 894 F.2d 127, 132 (5th Cir. 1990) (quoting *Texas v. United States*, 837 F.2d 184, 186–87 n. 4 (5th Cir.), *cert. denied*, 488 U.S. 821, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988) (emphasis in original)). To distinguish, "[a]n *in rem* action is brought against 'property alone, treated as responsible for the claims asserted by . . . the plaintiffs'" and "[a]n *in personam* action, by contrast, determines a defendant's personal rights and liabilities." *Id.* (quoting *Freeman v. Alderson*, 119 U.S. 185, 187 (1886) (emphasis in original)).

Here, the "in aid of jurisdiction" exception is not applicable as the lawsuit is an *in personam* action. *See id.* ("Phillips's complaint seeks monetary damages for wrongs allegedly committed by Schreiner Bank. This lawsuit is thus an ordinary *in personam* action, and the mere fact that debts secured by

6

real property are at issue in the dispute does not transform it into an *in rem* proceeding."). Moreover, "[a] simple overview of Texas foreclosure and forcible detainer law reveals that the state court eviction proceedings will neither dispose of the *res* nor threaten this Court's continuing supervision." *Hart v. Wells Fargo Bank*, N.A., No. 3:14-cv-1111, 2014 WL 12531171, at *3 (N.D. Tex. Apr. 30, 2014) (emphasis in original). "Specifically, the federal and state court actions can both proceed uninhibited because, in Texas, actions to determine possession and actions to decide title address distinct issues and can be, and often are, tried concurrently." *Id.*

Plaintiffs have failed to show that any of the exceptions apply here. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 443 (1974) ("The burden was on the [movant] to show that they were entitled to a preliminary injunction, not on the [respondent] to show that they were not."). As such, the Court lacks jurisdiction to grant injunctive relief with respect to the eviction proceedings.

### B. Injunctive Relief Requirements

Even so, to obtain a TRO or PI, the applicant must show:

> (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the Defendant; and (4) that the injunction will not disserve the public interest.

7

*Younkman*, 2018 WL 4856777, at *1. "Plaintiff bears the burden to prove all four requirements in order to be entitled to injunctive relief." *Id.* "The denial of a preliminary injunction or TRO will be upheld where the movant has failed to sufficiently establish any one of the four criteria." *Id.* (citing *Black Fire Fighters Ass'n v. City of Dall., Tex.*, 905 F.2d 63, 65 (5th Cir. 1990)). "The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance." *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997).

### 1.     Substantial Likelihood of Success on the Merits

As to substantial likelihood of success on the merits, Plaintiffs simply state their causes of action and provide brief sentences in support.[3] (ECF No. 6 at 3–5). Defendants argue "Plaintiffs interpretation of and arguments pertaining to the effect of loan document provisions . . . simply do not reveal any facts that suggest that they are substantially likely to prevail on any theory set forth in on [sic] their latest pleading." (ECF No. 12 at 6).

Because foreclosure has already taken place and the Property has been sold, Plaintiffs have no basis for an injunction. *See Younkman*, 2018 WL

---

[3] The causes of action Plaintiffs expand upon are not the subject matter of this application for a TRO or PI. (ECF No. 6 at 3–5). The basis of and remedy sought through this application for a TRO or PI is to enjoin Defendants from conducting eviction proceedings related to the Property. (*Id.* at 6). As such, the causes of actions Plaintiffs cite regarding the substantial likelihood of success on the merits is not ripe for resolution at this time.

4856777, at *2 (holding Plaintiff failed to show a substantial likelihood of success as "Plaintiff is no longer the owner of the property, he has no basis for an injunction"); *see also Mesa v. Wells Fargo Bank, N.A.*, No. 4:17-cv-00532, 2017 WL 9285517, at *2 (E.D. Tex. Sept. 1, 2017), *report and recommendation adopted*, No. 4:17-cv-532, 2017 WL 3940534 (E.D. Tex. Sept. 8, 2017) ("Since Plaintiffs are no longer the owner of the property, they have no basis for an injunction."). Accordingly, this factor weighs against injunctive relief.

### 2.     Substantial Threat of Irreparable Injury or Harm

Plaintiffs argue they face irreparable harm because there are "eviction proceedings set to begin on January 15, 2025, which would result in the loss of their home, causing emotional distress and harm to financial stability." (ECF No. 6 at 5). Further, Plaintiffs argue "[m]onetary damages are insufficient to compensate for the loss of the unique Property and the associated emotional and psychological impact." (*Id.*). Defendants argue that if Plaintiffs are awarded monetary damages, they would be "fully compensated and made whole" under the law; thus, suffering no irreparable harm. (ECF No. 12 at 7).

"Irreparable harm is generally shown by demonstrating that there is no adequate remedy or that proposed remedies will generally prove inadequate to rectify the harm that will arise if no injunction is issued." *Hart*, 2014 WL 12531171, at *4 (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 623–24 (5th Cir. 1985)). "Irreparable harm requires a showing

that: (1) the harm to Plaintiff[ ] is imminent (2) the injury would be irreparable and (3) that Plaintiff[ ] ha[s] no other adequate legal remedy." *Alex A. by & through Smith v. Edwards*, No. 22-cv-573, 2022 WL 4445499, at *29 (M.D. La. Sept. 23, 2022) (quoting *J.H. by & through N.H. v. Edwards*, No. 20-cv-293, 2020 WL 3448087, at *44 (M.D. La. June 24, 2020) (quotations omitted)).

An eviction is not per se irreparable. *Hart v. Wells Fargo Bank, N.A.*, No. 3:14-CV-1111, 2014 WL 12531172, at *2 (N.D. Tex. Mar. 31, 2014). "[A] plaintiff must submit evidence to show irreparable damage, and cannot just rely upon the subject matter of the litigation to establish that any possible damages are inherently irreparable." *Id.* (citing *Home Sav. of Am., F.A. v. Van Cleave Dev. Co.*, 737 S.W.2d 58, 59 (Tex. App.—San Antonio 1987, no writ)).

Here, Plaintiffs allege irreparable harm from the eviction proceedings would "result in the loss of their home, causing emotional distress and harm to financial stability" and that "[m]onetary damages are insufficient to compensate for the loss of the unique Property and the associated emotional and psychological impact." (ECF No. 6 at 5). However, as stated, eviction itself does not per se constitute irreparable injury. Plaintiffs provide conclusory statements that they will suffer emotional distress, psychological impact, and loss of financial stability. *See Abor v. Planet Home Lending LLC*, No. 3:24-cv-02205, 2024 WL 4184484, at *1 (N.D. Tex. Sept. 4, 2024), *report and recommendation adopted*, No. 3:24-cv-02205, 2024 WL 4194344 (N.D. Tex.

Sept. 13, 2024) (holding that plaintiffs alleging irreparable harm of loss of their home and equity, damage to their credit rating, emotional damages, and continued public humiliation and defamation "are either wholly conclusory, speculative, or have already occurred, as Plaintiffs admit that their home was sold at a foreclosure sale on April 2, 2024"); *see also Hart*, 2014 WL 12531172, at *2 ("Plaintiffs' claims that eviction is an inherently irreparable harm and that one of the plaintiffs is disabled do not rise to a sufficient level to show that Plaintiffs will experience harm that is irreparable under the circumstances of this case. These claims are excessively conclusory and do not show that legal remedies will be insufficient to make the Plaintiffs whole for any harm they experience before Wells Fargo makes an appearance in this case.").

Plaintiffs similarly fail to show that irreparable harm is imminent. The foreclosure has already occurred and although the Parties allege eviction proceedings are set to begin on January 15, 2025, the Court has not received proof that the eviction proceedings have commenced at the time of this Memorandum and Recommendation. *See Hart*, 2014 WL 12531172, at *2 ("Plaintiffs indicate that while Wells Fargo has already foreclosed on their home, it has not instigated eviction proceedings at the time of this Order, although the bank did state in a March 14, 2014 letter that eviction proceedings were imminent."). "This evidence alone is insufficient to justify the peculiar remedy of an *ex parte* TRO because it only indicates that eviction

proceedings are possible and does not suggest that such proceedings will occur within the short time frame that it will take for Wells Fargo to appear in this case." *Id.* (citing *Digit. Generation, Inc. v. Boring*, No. 3:12-cv-0329, 2012 WL 315480, at *3 (N.D. Tex. Feb. 2, 2012)). Further, in the event eviction proceedings occur and the justice of the peace enters a final judgment against Plaintiffs, Texas law provides Plaintiffs an adequate remedy—the right to appeal to the county court. *See Duncan v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 12-cv-1186, 2013 WL 12106229, at *1 (W.D. Tex. Feb. 8, 2013). Accordingly, Plaintiffs failed to show that irreparable harm is imminent; thus, this factor weighs against injunctive relief.

In sum, although the Court lacks jurisdiction to issue injunctive relief, Plaintiffs are also unable to satisfy all the required elements and are not entitled to injunctive relief.

### III. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiffs' Application for Ex Parte Temporary Restraining Order and Preliminary Injunction (ECF No. 6) be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time

period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on January 15, 2025.

                                            Richard W. Bennett
                                     United States Magistrate Judge