UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHALAETHA PRESTON-CAVER AND QUINTON CAVER<br><br>Plaintiff,<br><br>v.<br><br>PRESTIGE DEFAULT SERVICES, LLC, US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BKPL-EG BASKET TRUST, SN SERVICING CORPORATION<br><br>Defendants. | Civil Action No. <u>4:24-CV-04850</u> |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

1. **State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

   **ANSWER**: George Scherer, counsel for Defendants and Plaintiffs, discussed this case by phone on February 5,2025. _

2. **List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

   **ANSWER:**  N o n e .

3. <u>**Briefly**</u> **describe what this case is about.**

   **ANSWER:** Plaintiff filed suit against Defendants alleging breach of contract, fraud, Texas Penal Code violations, and alleged violations of various federal statues including RICO, FDCPA, TILA, FCRA, and RESPA, and due process violations of the Fifth and Fourteenth associated with the servicing of Plaintiffs' loan. Defendants contend that they complied with all applicable law with respect to the servicing of Plaintiff's loan and complied with all duties and obligations

under the loan agreement. Defendants further contend that Plaintiff's defaulted on the loan payments and that Defendants were entitled to exercise the power of sale in the Deed of Trust executed by Plaintiffs and had the requisite authority to sell the subject property by non-judicial foreclosure.

**List anticipated interventions.**

**ANSWER:** None anticipated.

4. **Describe any class−action issues.**

   **ANSWER**: None anticipated.

5. **State whether each party represents that it has made the initial disclosures required by FRCP26(a). If not, describe the arrangements that have been made to complete such disclosures.**

   **ANSWER: Defendants will file their Disclosures by February 7,2025. Plaintiffs will file their Disclosures by February 19, 2025.**

6. **Describe the discovery plan agreed by the parties by stating:**

   **A. What changes should be made in the timing, form or requirement for disclosures under Rule26(a).**

   **ANSWER**: No changes need be made.

   **B. When and to whom the plaintiff anticipates it may send interrogatories.**

   **ANSWER**:   Plaintiff anticipates sending interrogatories to Defendants, if needed, by March 31,2025.

   **C. When and to whom the defendant anticipates it may send interrogatories.**

   **ANSWER:** Defendant anticipates sending interrogatories to Plaintiff, if needed, by April 30,2025.  _____.

   **D. Of Whom and by when the plaintiff anticipates taking oral depositions.**

   **ANSWER:**  Plaintiff anticipates taking depositions of Defendants, if needed, by June 30,2025.

   **E. Of Whom and by when the defendant anticipates taking oral depositions.**

   **ANSWER:** Defendant do not anticipate taking oral depositions.

However,  to the extent necessary,  Defendants will schedule depositions of Plaintiffs by

July 31, 2025.

**When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

>   **ANSWER**: _ To the extent expert depositions are sought, Plaintiffs anticipate completing expert designations on or before October 31, 2025. Should Plaintiff designate experts and provide the required reports, Defendant will be able to designate responding experts and provide reports within 60 days of Plaintiff's designation.

F.  **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    **ANSWER:** It is anticipated neither side will need to take expert depositions.

G.  **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    **ANSWER:** Defendant does not anticipate retaining experts in this case.

7.  **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    **ANSWER:** The parties are not in disagreement with any part of the discovery plan.

8.  **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    **ANSWER:**  No other discovery has been served by either party.

9.  **State the date the planned discovery can reasonably be completed.**

    **ANSWER:**  All discovery can be completed by October 31, 2025.

10. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    **ANSWER**:   Defendants will investigate and report back to Plaintiffs regarding the payment history and status of the loan as that relates to the default notice sent on the loan and the underlying foreclosure.

11. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    **ANSWER:** Defendants have previously made a cash for keys offer to Plaintiffs but have not accepted the offer.

12. **From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    **ANSWER:** The parties are not opposed to the case being referred to mediation.

13. **Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    **ANSWER:** Defendants are not opposed to trial before a magistrate judge. Plaintiff is opposed to trial before a magistrate judge.

14. **State whether a jury demand has been made and if it was made on time.**

    **ANSWER:** Plaintiffs made a jury demand in its their amended pleading.

15. **Specify the number of hours it will take to present the evidence in this case.**

    **ANSWER:** It is anticipated it will take one (1) to two (2) hour or less to present evidence in this case.

16. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    **ANSWER:** No motions are pending before the Court at this time.

17. **List other motions pending.**

    **ANSWER:** There are no pending motions at this time.

18. **Indicate other matters particular to this case, including discovery, thatdeserve the special attention of the court at the conference.**

    **ANSWER:** There are no additional or unusual matters that the Court needs to address at the conference.

17. List other motions pending.

   **ANSWER:** There are no pending motions at this time.

18. Indicate other matters particular to this case, including discovery, that deserve the special attention of the court at the conference.

   **ANSWER:** There are no additional or unusual matters that the Court needs to address at the conference.

19. List the names, bar numbers, addresses, and telephone numbers of all counsel.

   **ANSWER:**

|  |  |
|---|---|
| Shalaetha Preston-Caver | Date |
| 46 Sorrento Way Dr. Missouri City, TX 77459 | |
| *Shalaetha Preston-Caver* [signature] | Feb. 5, 2025 |
| *Quinton Caver* [signature] | Feb 5, 2025 |
| Quinton Caver        Date | |
| 46 Sorrento Way Dr. Missouri City, TX 77459 | |

/s/George Scherer                                    02/06/2025

George Scherer, Esq        Date
gscherer@ghidottiberger.com
State Bar Number 00784916
Counsel for Defendants
PRESTIGE DEFAULT SERVICES, LLC, US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE BKPL-EG BASKET TRUST, SN SERVICING CORPORATION

16801 Addison Rd Suite 350
Addison, Texas 75001
Tel: (305) 501-2808
Fax: (954) 780-5578